T.C. Memo. 1998-74


UNITED STATES TAX COURT


CRAIG M. AND REBECCA MAXWELL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17052-96.                Filed February 23, 1998.


Craig M. Maxwell and Rebecca Maxwell, pro sese.

Edwin A. Herrera and Ian Russell, for respondent.


MEMORANDUM OPINION


LARO, Judge:  Craig M. and Rebecca Maxwell petitioned the Court to redetermine respondent's determination of the following deficiencies in their 1990 through 1993 Federal income taxes and additions thereto:

Craig M. Maxwell

|  | | Additions to Tax | |
| | | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6654 |
| 1990 | $280,484 | $42,621 | $18,422 |
| 1991 | 2,571 | 643 | 149 |
| 1992 | 68,868 | 17,205 | 3,003 |
| 1993 | 70,431 | 17,153 | 2,869 |

Rebecca Maxwell

|  | | Additions to Tax | |
| | | Sec. | Sec. |
| Year | Deficiency | 6651(a)(1) | 6654 |
| 1990 | $137,827 | $34,457 | $9,074 |
| 1991 | 904 | 226 | 54 |
| 1992 | 32,725 | 8,181 | 1,427 |
| 1993 | 29,976 | 7,494 | 1,255 |

Following respondent's concessions we must decide whether petitioners are entitled to refunds of overpayments for their 1990, 1992, and 1993 taxable years. We hold they are not. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners resided in Riverside, California, when they petitioned the Court.

Petitioners delinquently filed Federal income tax returns for each of the subject years. Respondent received petitioners'

1990 through 1992 Federal income tax returns on September 3, 1997, and respondent received petitioners' 1993 return 1 day later. On May 6, 1996, the Commissioner had issued each petitioner two notices of deficiency, one for 1990 and 1991, and the other for 1992 and 1993. Before doing so, the Commissioner had prepared "returns" for each petitioner for each year in issue under the authority of section 6020(b).

For each subject year, petitioners' income tax liability, tax payments, and overpayments are as follows:

|  | 1990 | 1991 | 1992 | 1993 |
|---|---|---|---|---|
| Tax Liability | $169,829 | $0 | $0 | $0 |
| Tax Payments | | | | |
| Oct. 17, 1990 | 3,390 | --- | | |
| Feb. 3, 1991 | 9,000 | --- | | |
| Apr. 15, 1991 | 207,610 | --- | | |
| Apr. 15, 1993 | --- | --- | 100 | --- |
| Apr. 15, 1994 | --- | --- | --- | 3,641 |
| Total | 220,000 | 0 | 100 | 3,641 |
| Overpayment | 50,171 | 0 | 100 | 3,641 |

## Discussion

Respondent argues that petitioners are not entitled to a refund of any of the overpayments because the disputed amounts paid for each year were paid by petitioners more than 2 years before the issuance of the notice of deficiency. Petitioners argue that they are entitled to a refund for 1990 because they filed their 1990 Federal income tax return in 1997, a time that is within 3 years of the time that the petition was filed

herein.[1]  Petitioners argue that section 6512(b) and <u>Commissioner v. Lundy</u>, 516 U.S. 235 (1996), have no bearing here because the Commissioner agrees that petitioners are entitled to a refund for 1990.

We agree with respondent.  Petitioners must demonstrate that their claim for refund was timely.  <u>Flagg v. Commissioner</u>, T.C. Memo. 1997-297.  Although section 6512(b)(1) bestows jurisdiction on this Court to determine the existence and amount of any overpayment of tax to be refunded for a year before us, section 6512(b)(3)(B) prohibits the Court from awarding a refund unless we determine that the refunded amount was paid

> within the period which would be applicable under section 6511(b)(2) * * * or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * *

See also <u>Commissioner v. Lundy</u>, <u>supra</u> at 241-242.[2]  The relevant provision of section 6511(b)(2) provides that when a claim for refund is not filed within the 3-year period of section 6511(a), the amount of the refund may not exceed the amount of tax paid

---

[1] Petitioners' brief does not address any of the other years in issue.

[2] Contrary to petitioners' argument, this case is controlled by the <u>Commissioner v. Lundy</u>, 516 U.S. 235 (1996) case.  Although sec. 1282(a) of the Taxpayer Relief Act of 1997, Pub. L. 105-34, 111 Stat.  788, 1037, recently amended sec. 6512(b)(3) in response to the result in <u>Lundy</u> case, this amendment is inapplicable to the instant proceeding because the amendment is effective with claims for credit or refund for taxable years ending after Aug. 5, 1997.

within the 2 years preceding the claim for refund. Sec. 6511(b)(2)(B). Section 6511(a) states that a claim for refund generally must be made within 3 years from the time the return was filed or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

We apply the established law on the refund of overpayments to the stipulated amounts shown in the chart above. The withheld amounts were deemed withheld on April 15 of the filing years, sec. 6513(a) and (b)(1), and, when respondent issued petitioners the notices of deficiency, petitioners had not yet filed their returns. Thus, petitioners are limited to a refund of only the amounts that they paid during the 2-year period prior to the time that the notices of deficiency were issued. Commissioner v. Lundy, supra. Because petitioners paid none of the disputed amounts within this 2-year period, we hold that they are not entitled to a refund of any of these amounts.

In reaching our holdings herein, we have considered all arguments made by petitioners for contrary holdings and, to the extent not discussed above, find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered stating that there is no deficiency or additions to tax for any of the subject years.